N. Stephen Vokshori, SBN 245570
**VOKSHORI LAW GROUP, APLC**
1010 Wilshire Blvd., Suite 1404
Los Angeles, CA 90017
Phone: 213.986.4323
Fax: 310.881.6996
Email: Stephen@voklaw.com

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re, | Case No.: 6:16-bk-11051-MW |
| | Chapter 7 |
| WILBERT MAURICIO HENRIQUEZ, | |
| Debtor. | |
| | |
| VOKSHORI LAW GROUP, A PROFESSIONAL LAW CORPORATION, | Adversary No. |
| Plaintiff, | COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523) |
| v. | |
| WILBERT MAURICIO HENRIQUEZ, | |
| Defendant. | |

COMES NOW the Plaintiff Vokshori Law Group, a Professional Law Corporation, through its attorney of record, and alleges as follows:

**I.    PARTIES AND JURISDICTION**

1. Plaintiff Vokshori Law Group is a professional law corporation duly incorporated with an address of 1404 Wilshire Boulevard, Suite 1404, Los Angeles, CA 90017.

2. Defendant WILBERT MAURICIO HENRIQUEZ is an individual with an address of 5937 Paramount Drive, Riverside, CA 92509 and the Debtor in the above-referenced chapter 7 bankruptcy case.

1

3. This adversary proceeding is brought under 11 U.S.C. §§ 523(a)(2)(A) and (C).

4. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) determinations as to the dischargeability of particular debts.

6. Venue is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case pending in this judicial district.

## II.   FACTS COMMON TO ALL COUNTS

7. Defendant filed a Chapter 7 bankruptcy petition on February 8, 2016 (also "Bankruptcy Filing" herein) assigned case no. 6:16-bk-11051-MW, the above-referenced case.

8. The Defendant entered into a legal services agreement with Plaintiff for loan modification services dated June 1, 2015. A copy of the contract is attached hereto as Exhibit A.

9. By entering into the contract with Plaintiff, Defendant agreed to pay the Plaintiff under the terms provided in the contract.

10. Between June 1, 2015 and the date of the Bankruptcy Filing, the Defendant incurred charges for services in the amount of $3,894.00 (also the "Charges" herein). A copy of an invoice is attached hereto as Exhibit B. Of this amount $3,894.00 of the Charges were incurred within 90 days of the Bankruptcy Filing.

11. The Defendant did not and has not made any payment to the Plaintiff.

12. The Defendant stated to the Plaintiff that he had no intention of repaying the Charges.

13. Defendant's conduct has damaged Plaintiff in the amount of $3,894.00.

### III.  COUNT ONE, FRAUD; 11 USC section 523(a)(2)(A)

14. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. The Defendant's debt to the Plaintiff should be found not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The court must consider whether the debt was incurred through actual fraud, i.e., where the debtor made the Charges with no intention of paying for the services, see In re Dougherty, 84 B.R. 653 (9th Cir. BAP 1988).  Pursuant to Dougherty, courts may consider many factors to determine a debtor's intent.

16.  11 U.S.C. § 523(a)(2)(A) provides that a debt is not discharged if incurred for services obtained by false pretense, a false representation, or actual fraud.

17.  The Charges were not incurred for goods/services reasonably necessary for the maintenance or support of the Defendant or the Defendant's dependents.  The Charges incurred for loan modification services were incurred for consumer debt as defined by 11 U.S.C. § 101(8)

18.  By entering into the contract and incurring the Charges on the account, the Defendant represented an intention to repay them.

19.  Defendant exhibited an intention to repay Plaintiff the Charges incurred by accepting the benefits of the charges

20.  The Defendant's incurrence of charges and subsequent non-repayment constitute material misrepresentations of an intent to pay Plaintiff.  At the time, the Defendant knew his representations to be false.

21.  Defendant made the representations with the intention for Plaintiff to rely on those misrepresentations.

22. Plaintiff justifiably relied on Defendant's misrepresentations, which induced the Plaintiff to provide services to the Defendant.

23. Defendant incurred a debt to the Plaintiff through fraud and false pretenses, false representations and/or actual fraud.

24. The Defendant caused the Plaintiff damage in the amount of $3894.00.

25. The Defendant should be denied a discharge in the amount of $3894.00 pursuant to 11 U.S.C. § 523(a)(2)(A).

### IV.   COUNT II FRAUD; 11 USC section 523(a)(2)(C)

26. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above.

27. The Defendant's debt to the Plaintiff should be found presumably not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

28. The Charges incurred for loan modification services were incurred for consumer debt as defined by 11 U.S.C. § 101(8).

29. The Charges were not incurred for goods/services reasonably necessary for the maintenance or support of the Defendant or the Defendant's dependents.

30. The Defendant's consumer debts are presumably nondischargeable because they are owed to a single creditor, the Plaintiff, and aggregate more than $500 for luxury goods and services incurred by an individual debtor on or within 90 days of the Bankruptcy Filing.

31. The Defendant caused the Plaintiff damage in the amount of $3894.00.

32. The Defendant should be denied a discharge in the amount of $3894.00 pursuant to 11 U.S.C. § 523(a)(2)(C).

**V.    COUNT III Money Judgment**

33.   The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 above.

33.   The Defendant caused the Plaintiff damage in the amount of $3894.00.  The total presumed to be nondischargeable is $3894.00

34.   Upon a finding that the debt is nondischargeable, Plaintiff is entitled to a money judgment.

**VI.   PRAYER FOR RELIEF**

WHERFORE, Plaintiff prays for relief as follows:

1. A monetary judgment in the amount of $3894.00, including accrued interest to the petition filing date, plus contract rate interest to date of judgment, to continue to accrue post-judgment;
2. An Order of nondischargeability under 11 U.S.C. § 523(a)(2)(A) and (C);
3. An Order awarding Plaintiff its attorneys' fees and costs incurred herein; and
4. An Order awarding Plaintiff such further relief as this Court deems just and proper.

Dated:    03/22/2016                    Respectfully Submitted,

                                        By: /s/ N. Stephen Vokshori__
                                        N. Stephen Vokshori
                                        Vokshori Law Group, APLC